# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 36

In the Interest of J.C., minor child

| | |
|---|---|
| State of North Dakota, | Petitioner and Appellee |
| v. | |
| J.C., child, J.C., father to J.C., | Respondents |
| and | |
| T.W., mother, | Respondent and Appellant |

### No. 20230377

In the Interest of M.W., minor child

| | |
|---|---|
| State of North Dakota, | Petitioner and Appellee |
| v. | |
| M.W., child, Unknown, father to M.W., | Respondents |
| and | |
| T.W., mother, | Respondent and Appellant |

### No. 20230378

Appeal from the Juvenile Court of Ward County, North Central Judicial District, the Honorable Kelly A. Dillon, Judicial Referee.

AFFIRMED.

Per Curiam.

Rozanna C. Larson, State's Attorney, Minot, ND, for petitioner and appellee.

William R. Hartl, Rugby, ND, for respondent and appellant.

# Interest of J.C. and M.W.
## Nos. 20230377 & 20230378

**Per Curiam.**

[¶1]   T.W. appealed from a juvenile court order terminating her parental rights to J.C. and M.W. This Court retained jurisdiction under N.D.R.App.P. 35(a)(3)(B) and remanded with instructions for the juvenile court to issue an order based only on the evidence received at trial. *In re J.C.*, 2024 ND 9, ¶ 1. The parties did not request additional briefing or oral argument under N.D.R.App.P. 35(a)(3)(B)(ii). Upon reviewing the court's order on remand, we affirm the termination of parental rights.

[¶2]   The juvenile court concluded the children spent over 450 of the last 660 nights in the care, control, and custody of the Human Service Zone. The court further concluded the children are in need of protection. The court's findings are supported by the record and are not clearly erroneous. It is unnecessary to address other findings of the court. N.D.C.C. § 27-20.3-20(1)(c)(2); *In re R.L.-P.*, 2014 ND 28, ¶ 23, 842 N.W.2d 889 ("Because a finding that the children have been in foster care more than 450 out of the previous 660 nights, along with a finding of deprivation [now, the children are 'in need of protection'], is sufficient to terminate parental rights under N.D.C.C. § 27-20-44(1)(c) [now N.D.C.C. § 27-20.3-20(1)(c)], it is unnecessary to address the parents' challenge to the finding that the conditions and causes of the deprivation will likely continue."). We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (4).

[¶3]   Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

1